UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                              Case No.: 8:99-cr-447-T-24AAS

LUIS FERNANDEZ MORALES
_____/

**O R D E R**

This cause comes before the Court on Defendant Luis Fernandez Morales' Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A)(i) Extraordinary and Compelling Circumstances. (Doc. 290). Defendant alleges that the COVID-19 pandemic and a recent statutory amendment each constitute an extraordinary and compelling reason warranting a reduction in sentence. The Government opposes the motion. (Doc. 292). For the reasons stated below, the motion is denied.

**I. BACKGROUND**

Defendant was sentenced on December 6, 2000, to a mandatory term of life imprisonment for the offense of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine. (Doc. 120). Defendant had two or more prior felony drug convictions and was sentenced as a career offender under U.S.S.G. § 4B1.1. (Docs. 70, 269). Defendant currently is incarcerated at Edgefield FCI in Edgefield, South Carolina. He is 54 years old.

**II. LEGAL FRAMERWORK**

A court generally may not modify a term of imprisonment once it has been imposed unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c). Section 603(b) of the First Step Act of 2018 ("FSA") amended 18 U.S.C. § 3582(c)(1)(A) to allow courts to modify sentences not only upon motion of the Director of the

BOP, but also "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)).  Once that showing is made, a court may reduce a defendant's sentence if, after considering the sentencing factors in 18 U.S.C. § 3553(a) to the extent they are applicable, it finds that:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, . . .;[1]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).  The defendant generally bears the burden of establishing that compassionate release is warranted.  *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

### III. FINDINGS

#### A. Exhaustion or Lapse

Defendant demonstrates the lapse of 30 days from the warden's receipt of his request for compassionate release on the basis of the FSA's amendment to § 841(b). Defendant submitted a request for compassionate release, pursuant to the FSA and 18 U.S.C. § 3582(c)(1)(A)(i), to the warden of his facility on December 4, 2019.  As grounds, Defendant alleges that the FSA's

---

[1] This section is inapplicable because Defendant is 54 years old.

amendment to § 841(b), which eliminated mandatory life sentences for defendants with two or more prior felony drug convictions, constitutes an extraordinary and compelling reason warranting a reduction in sentence. (Doc. 290-1 at 2). The warden received Defendant's request on December 5, 2019. *Id.* Defendant submitted an informal resolution request on January 8, 2020, and a request for administrative remedy on January 30, 2020, stating in each that the warden had not responded to his request for compassionate release. (Doc. 290-1 at 3, 4). On February 20, 2020, the warden responded to Defendant's request for administrative remedy dated January 30, 2020, wherein he requested "modification of [his] sentence under the First Step Act." (Doc. 290-1 at 5). The warden did not grant or deny the request; rather, he informed Defendant that:

> The statutes which govern prior custody credit and the commencement of federal sentences are Title 18 U.S.C. § 3585(b), which indicates all time spent in official detention that has not been applied toward the service of any other term of imprisonment shall be credited toward the service of your federal sentence, Program Statement 5880.28, Sentence Computation Manual.
>
> A review of your file was conducted, it was determined that a sentence reduction cannot be processed at the institutional level. You will need to contact your attorney or the prosecuting District Court to determine if you qualify for a sentence reduction.
>
> Based on the above information, your request for Administrative Remedy is for informational purposes only.
>
> If dissatisfied with this response, you may submit an appeal on the appropriate form (BP-10), to the Regional Director's Office, . . .

(Doc. 290-1 at 5). Defendant states that he filed an appeal, but he has not received a response to date. (Doc. 290 at 4). On this record, Defendant satisfies § 3582(c)(1)(A)'s lapse provision. Accordingly, the Court will address the merits of his request for compassionate release on the basis of the FSA's amendment to § 841(b).

Defendant, however, does not allege that he submitted a request for compassionate release to the warden of his facility on the basis of COVID-19, his lack of immunizations, and his age.

3

The Government contends Defendant is required to present the same factual basis to this Court as he did to the warden, and, because he failed to do so, the motion should be denied for failure to exhaust. The Eleventh Circuit has not addressed whether § 3582(c)(1)(A) imposes an issue-exhaustion requirement on requests for compassionate release, and district courts disagree as to whether it does. *Compare United States v. Asmar*, __ F. Supp. 3d __, 2020 WL 3163056, at *3 (E.D. Mich. June 5, 2020) (citing *United States v. Mogavero*, No. 15-00074, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020)), *with United States v. Ball*, No. 14-20117, 2020 WL 4816197, at *3 (E.D. Mich. Aug. 19, 2020) (citing *United States v. Garner*, No. 14-13, 2020 WL 3632482, at *3 & n.2 (S.D. Tex. July 3, 2020)).

Under the circumstances here, the Court concludes that Defendant's request for compassionate release on the basis of COVID-19 is premature.[2] Before the Court considers his request for compassionate release on that basis, Defendant first must present the request to the BOP and satisfy § 3582(c)(1)(A)'s exhaustion or lapse requirement. The BOP should have the opportunity to act on the request in the first instance.

### B. Extraordinary and Compelling Circumstances

Section § 3582(c)(1)(A) does not define what constitutes "extraordinary and compelling reasons." 28 U.S.C. § 994(t). Instead, Congress delegated authority to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." *Id.* In its existing policy statement on compassionate release, the Sentencing Commission states that, provided the defendant is not a danger to the safety of any other person or

---

[2] The Court notes, however, that general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13. *See United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

to the community, as provided in 18 U.S.C. § 3142(g),[3] extraordinary and compelling reasons exist under any of the following circumstances:

> (A)  Medical Condition of the Defendant.
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).
>>
>> (ii) The defendant is—
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B)  Age of the Defendant.--The defendant
>
>> (i) is at least 65 years old;
>>
>> (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and

---

[3] Courts consider the following when making this determination:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

> (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D).[4]

Defendant alleges that the FSA's amendment of the penalty provisions in 21 U.S.C. § 841(b) qualifies as an extraordinary and compelling reason to reduce his sentence under the catchall provision of U.S.S.G. § 1B1.13 cmt. n.1(D). Section 401 of the FSA amended 21 U.S.C. § 841(b)(1)(A) by changing the mandatory penalties it imposed for repeat offenders, as well as altering the types of offenses that trigger those penalties. Pub. L. No. 115-391, § 401(a), 132 Stat. 5194, 5220-21. Pertinent here, § 401(a) changed the mandatory minimum sentence for defendants who have had two or more such prior convictions, from life imprisonment to 25 years. *See id*. Section 401, however, does not apply retroactively. *See id.* at 5221, § 401(c) ("Applicability to pending cases: This section, and the amendments made by this section, shall apply to any offense that was committed before the enactment of this Act, if a sentence for the offense has not been

---

[4] In addition to an extraordinary and compelling circumstance, the policy statement also provides that a court may reduce a term of imprisonment if the defendant is at least 70 years old and has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned. U.S.S.G. § 1B1.13(1)(B). This provision is not applicable because Defendant is not at least 70 years old.

imposed as of such date of enactment.")[5] The Government does not respond to this aspect of Defendant's motion.

Defendant fails to demonstrate an extraordinary and compelling reason warranting compassionate release because his circumstances do not fall within U.S.S.G. § 1B1.13, cmt. n. 1(A)-(C).[6] Even assuming that the FSA grants courts discretion to consider what constitutes an extraordinary and compelling reason outside of the Sentencing Commission's policy statement, the Court finds that Defendant fails to demonstrate an extraordinary and compelling reason under the catch-all provision in application note 1(D). *See United States v. Davis*, No. 03-10157-1-JTM, 2020 WL 3037249, at *4 (D. Kan. June 5, 2020) (finding that the recent non-retroactive amendment to § 841(b)'s sentencing provisions is not an extraordinary and compelling reason justifying a sentence reduction under the catch-all provision of the policy guideline).

## 18 U.S.C. § 3553(s) Sentencing Factors

The Court has considered the 18 U.S.C. § 3553(a) factors in determining Defendant's request for a reduction in sentence.[7] The Court finds those factors weigh against granting the

---

[5] Defendant previously sought a reduction in sentence under § 401 of the FSA. (Doc. 277). The Court denied the motion pursuant to § 401(c) because Defendant's sentence was imposed prior to the enactment of the FSA on December 21, 2018. (Doc. 282 at 2).

[6] Courts are split on whether § 1B1.13 remains an appropriate expression of policy in post-FSA compassionate release cases. *Compare United States v. Cantu*, 423 F. Supp. 3d 345, 350-52 (S.D. Tex. 2019), *with United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D. N.Y. 2020). At a minimum, however, courts have been guided by the policy contained therein. *See, e.g., United States v. Willingham*, CR113-010, 2019 WL 6733028, at *1-2 (S.D. Ga. Dec. 10, 2019).

[7] These include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid

motion because Defendant was sentenced as a career offender, is a citizen of Columbia, and has previously been deported. (Doc. 269).

## IV. CONCLUSION

After considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, specifically that Defendant is 54 years old, is a career criminal, has previously been deported, has not exhausted his administrative remedies with respect to his request for compassionate release due to COVID-19, and has not demonstrated an extraordinary and compelling reason for his release on the basis of § 401(a) of the FSA,

**It is ORDERED and ADJUDGED**:

Defendant Luis Fernandez Morales' Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A)(i) Extraordinary and Compelling Circumstances (Doc. 290) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of August 2020.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Luis Fernandez Morales, Register No. 60160-004, FCI Edgefield, Federal Correctional Institution, P.O. Box 725, Edgefield, SC 29824

---

unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

8